BURKE *v.* CITY OF DETROIT.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DEPOSITIONS TAKEN WITHOUT NOTICE.

Where the time for filing depositions in support of plaintiff's petition for further compensation after final settlement was extended without notice to defendant, and thereafter counsel agreed that an extension of time should be asked for by plaintiff and new notices served, but this was not done, and the taking of depositions was had without defendant's appearing, and, without any further notice to defendant an award against it was entered, it has not had its "day in court," and the award is therefore set aside.

Certiorari to Department of Labor and Industry. Submitted June 5, 1923.  (Docket No. 5.)  Decided July 19, 1923.

Thomas F. Burke presented his claim for compensation against the city of Detroit for an accidental injury in defendant's employ.  From an order awarding compensation, defendant brings certiorari.  Reversed and remanded.

*Clarence E. Wilcox*, Corporation Counsel, and *James R. Walsh*, Assistant Corporation Counsel, for appellant.

CLARK, J.  Certiorari to the department of labor and industry.  After final settlement plaintiff petitioned for further compensation.  The matter came on for hearing June 16, 1921, as noticed.  Plaintiff appeared.  Defendant was advised on June 21st by letter of the department that plaintiff had been given three weeks from the date of hearing in which to file proofs in support of his petition and that defendant might have one week thereafter in which to file proofs,

the letter to defendant concluding "we will keep you informed of developments in the case." Without notice to defendant, plaintiff's time for filing proofs was extended to August 5th. On July 16th defendant was given notice that depositions in behalf of plaintiff would be taken on July 25th. Counsel for defendant then discussed the matter with plaintiff's counsel, of which it is said in an affidavit of counsel for defendant:

"Deponent further says that on July 16, 1921, notices of the taking of depositions were served upon the city of Detroit by Joseph Payne of the law firm of Payne & Payne, which was one week and two days over the time prescribed by the industrial accident board (now department of labor and industry) for the taking of depositions, at which time deponent explained to Mr. Payne that the time for the taking of said depositions had expired and that this deponent had had no notice of any application having been made for or the time having been extended; that it was then agreed between the said Joseph Payne and this deponent that an extension of time would be asked for by the said Thomas Burke and new notices served."

The depositions were taken agreeable to the notice, defendant not appearing, and were returned and filed on July 30th. No notice of the filing was given to defendant, and without further notice an award was entered on August 9th following.

The record does not contradict this affidavit, above quoted, and it does not appear that defendant had knowledge or notice of the extension of time within which plaintiff might file proof nor when such period would end, nor of the time within which it might file proofs. On this record we must conclude that defendant has not had its "day in court." The award therefore is set aside and the cause remanded for further proceedings.

Wiest, C. J., and Fellows, McDonald, Bird, Sharpe, Moore, and Steere, JJ., concurred.